APPEAL,COURTEXHIBITS,INTERPRETER –
OTHER,NTRECUSED,PAPERDOC,PASSPORT,SEALEDDOC,VICTIM

# U.S. District Court
## District of Maine (Portland)
## CRIMINAL DOCKET FOR CASE #: <u>2:18–cr–00062–JDL</u>–1

Case title: USA v. AHMED et al

Date Filed: 04/27/2018
Date Terminated: 07/17/2021

Assigned to: JUDGE JON D.
LEVY

Appeals court case number:
21–1583 First Circuit Court of
Appeals

**Defendant (1)**

| | | |
|---|---|---|
| **ABDIRASHID AHMED**<br>*TERMINATED: 07/17/2021* | represented by | **PETER E. RODWAY**<br>RODWAY & HORODYSKI<br>120 EXCHANGE STREET, 4TH FLOOR<br>P.O. BOX 444<br>PORTLAND, ME 04101<br>207–773–8449<br>Email: peter@rodwaylaw.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Retained* |
| | | **CLIFFORD STRIKE**<br>STRIKE, GONZALES & BUTLER BAILEY<br>400 ALLEN AVENUE<br>PORTLAND, ME 04103<br>207–878–5519<br>Email: cstrike@sgbblawyers.com<br>*TERMINATED: 05/07/2018*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: CJA Appointment* |
| | | **DANIEL D. DUBE**<br>DUBE LAW<br>40 CASSELL STREET<br>LEWISTON, ME 04240–3920<br>207–577–8534<br>Email: lewistonlawyer@gmail.com<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Retained* |

**Pending Counts**                    **Disposition**

| | |
|---|---|
| CONSPIRACY TO COMMIT HEALTH CARE FRAUD; 18:1349 AND 1347 (1) | Disposed of per filing of Superseding Indictment |
| HEALTH CARE FRAUD; 18:1347 and 24(b) (1s) | Imprisonment of 24 months; three years supervised release, $100 special assessment; $1,863,264.85 joint and several restitution. |
| CONSPIRACY TO DEFRAUD THE UNITED STATES AND TO PAY AND RECEIVE HEALTH CARE KICKBACKS; 18:371 (2) | Disposed of per filing of Superseding Indictment |
| CONSPIRACY TO COMMIT HEALTH CARE FRAUD; 18:1349 and 1347 (2s–4s) | Dismissed on Governments Motion |
| RECEIVING HEALTH CARE KICKBACKS; 42:1320a–7b(b) AND 18:2 (3–5) | Disposed of per filing of Superseding Indictment |
| CONSPIRACY TO RECEIVE AND PAY HEALTH CARE KICKBACKS; 18:371 (5s–6s) | Dismissed on Governments Motion |
| RECEIVING HEALTH CARE KICKBACKS; 42:1320a–7b(b) AND 18:2 (7) | Disposed of per filing of Superseding Indictment |
| RECEIVING HEALTH CARE KICKBACKS; 42:1320a–7b(b)(1) (7s–18s) | Dismissed on Governments Motion |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

2

**Plaintiff**

**USA**                                                    represented by    **DANIEL J. PERRY**
                                                                             U.S. ATTORNEY'S OFFICE
                                                                             DISTRICT OF MAINE
                                                                             100 MIDDLE STREET PLAZA
                                                                             PORTLAND, ME 04101
                                                                             207–780–3257
                                                                             Email: dan.perry@usdoj.gov
                                                                             *LEAD ATTORNEY*
                                                                             *ATTORNEY TO BE NOTICED*
                                                                             *Designation: Assistant US Attorney*

                                                                             **PATRICIA K. POULIN**
                                                                             OFFICE OF ATTORNEY GENERAL
                                                                             CROSS OFFICE BUILDING, SIXTH
                                                                             FLOOR
                                                                             111 SEWALL STREET
                                                                             6 STATE HOUSE STATION
                                                                             AUGUSTA, ME 04333–0006
                                                                             207–626–8869
                                                                             Email: patricia.k.poulin@maine.gov
                                                                             *ATTORNEY TO BE NOTICED*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 07/30/2021 | 401 | | MOTION Bail Pending Appeal by ABDIRASHID AHMED Responses due by 8/20/2021. (RODWAY, PETER) (Entered: 07/30/2021) |
| 08/20/2021 | 403 | | RESPONSE in Opposition by USA as to ABDIRASHID AHMED re 401 MOTION Bail Pending Appeal Reply due by 9/3/2021. (PERRY, DANIEL) (Entered: 08/20/2021) |
| 08/27/2021 | 404 | | REPLY TO RESPONSE to 401 MOTION Bail Pending Appeal by ABDIRASHID AHMED (RODWAY, PETER) (Entered: 08/27/2021) |
| 09/22/2021 | 408 | | ORDER ON DEFENDANT'S MOTION FOR BAIL PENDING APPEAL denying 401 Motion as to ABDIRASHID AHMED (1) By JUDGE JON D. LEVY. (aks) (Entered: 09/22/2021) |
| 09/22/2021 | 409 | | CLERK'S First SUPPLEMENTAL CERTIFICATE as to ABDIRASHID AHMED re 398 Notice of Appeal – Final Judgment. Documents Sent to U.S. Court of Appeals. (bfa) (Entered: 09/22/2021) |

UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Crim. Number |
| | ) | 18-62-JDL |
| ABDIRASHID AHMED. | ) | |

<u>MOTION FOR RELEASE PENDING APPEAL</u>

COMES NOW the Defendant, by and through counsel, and moves this Court for its Order of release pending appeal, and as grounds therefor, states as follows:

Defendant has been convicted of Health Care Fraud and has been sentenced to 24 months incarceration. Defendant has filed a notice of appeal in a timely manner. Defendant intends to raise on appeal his arguments regarding the loss amount as well as the imposition of a role increase for leader/organizer.

Defendant was arrested at the inception of this case. After being arrested and spending 7-days in jail, he was granted pre-trial release. Since being granted pre-trial release, Defendant has followed the rules and

direction of Pre-trial Services and has strictly complied with the conditions of release without incident.[1]

The Court may grant release pending appeal if it finds by clear and convincing evidence that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released and that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal of the conviction, a new trial, a sentence that does not include jail time or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. 18 U.S.C. 3143(b).

In this case, given the vigorously contested issues of loss amount and role increase, and given the significant volume of evidence on both issues, a substantial question of law AND fact likely to result in a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process exist and will be raised by appeal. Currently, according to a canvass of Maine lawyers who do First Circuit criminal appeals, the average appeal takes about ten months from the filing of a Notice of Appeal to a final decision.

---

[1] The government wrongfully brought a Motion to Revoke Bail, which was, after hearing, denied by the Magistrate Judge.

In *United States v. Bayko,* 774 F.2d 516, 523 (1st Cir. 1985) the First Circuit indicated that a literal reading of 18 U.S.C. 3143(b)(1)(B) would result in a "Catch 22" because if the Court deciding the bail motion, and this prong of the statute in particular, thought that it had likely made the wrong decision, it would have made the right one. 774 F.2d at 522-23. Thus, the First Circuit concluded, the standard is actually that the claimed error not be harmless of unprejudicial. *Id.* at 523.

In *Molina-Martinez v. United States*, 136 S. Ct. 1338 (2016), the Supreme Court concluded that, "[w]hen a defendant is sentenced under an incorrect Guidelines range — whether or not the defendant's ultimate sentence falls within the correct range — the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error." *Id*. at 1345.

Therefore, Defendant's appeal is not for the purpose of delay and is likely to result in a recalculation of the Guideline Sentencing Range and a potentially reduced sentence.[2]

Defendant's track record while on Pre-trial Release presents this Court with clear and convincing evidence that he is not likely to flee and that he

---

[2] Without the role increase and with a loss amount less than $1,000,000.00, Mr. Ahmed's sentencing range would have been closer to Mr. Osman's. Mr. Osman received a

poses no danger to the safety of another person or to the community. Thus, this case meets the criteria for release pending appeal pursuant to 18 U.S.C. 3143(b). Accordingly, Defendant hereby requests that he be allowed to remain on release pending appeal.

Dated at Portland, Maine this 30th day of July, 2021.


/s/Peter E. Rodway, Esq.
peter@rodwaylaw.com
P.O. Box 444
Portland, Maine 04112-0444
207-773-8449

/s/Daniel Dube, Esq.
dan@themainelawyer.com


UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

I hereby certify that on July 30, 2021, I electronically filed Motion for Bail Pending Appeal with the Clerk of Court using the CM/ECF system which will send notification of such filing to Assistant United States Attorney Daniel Perry, and I hereby certify that on July 30, 2021, I mailed by United States Postal Service, the document to the following non-registered participant: Mr. Abdirashid Ahmed.

---

probationary sentence. Moreover, Mr. Grazia, who was in a management position at Facing Change, received a probationary sentence,

/s/Peter E. Rodway
peter@rodwaylaw.com
Rodway & Horodyski
P.O. Box 874
Portland, Maine 04104
(207)773-8449

Daniel Dube, Esq.
dan@themainelawyer.com

# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:18-cr-00062-JDL |
| | ) | |
| ABDIRASHID AHMED | ) | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S
## <u>MOTION FOR BAIL PENDING APPEAL</u>

The Government respectfully submits this memorandum in opposition to defendant

Abdirashid Ahmed's motion for bail pending appeal. (ECF # 401). The defendant was

convicted of conspiracy to commit health care fraud. At sentencing on July 16, 2021, this Court

determined the loss amount attributable to this defendant was $1,863,264.85. The Court further

made a Guideline analysis that determined the applicable Guideline analysis resulted in the

defendant having a final offense level 25, with a criminal history category of I, resulting in an

advisory Guideline range of 57-71 months imprisonment. Applying the factors enumerated in 18

U.S.C. § 3553, this Court varied down below the Guideline range and imposed a sentence of 24

months and ordered the defendant to self-report on October 20, 2021. (ECF # 387).

In the present motion, the defendant seeks bail pending appeal claiming "a substantial

question of law AND fact… exist and will be raised by appeal." Mot. P. 2. Defendant identifies

the issues of loss amount and role increase as the issues that will be subject to the appeal.

Motions for bail pending appeal are governed by 18 U.S.C. § 3143(b):

> (1) ... [T]he judicial officer shall order that a person who has been found guilty of
> an offense and sentenced to a term of imprisonment, and who has filed an appeal
> ... be detained, unless the judicial officer finds-
>
> > (A) by clear and convincing evidence that the person is not likely to flee or
> > pose a danger to the safety of any other person or the community if released under
> > section 3142(b) or (c) of this title; and

1

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in-

(i) reversal,

(ii) an order for a new trial,

(iii) a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than ... the expected duration of the appeal process.

If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title ...

Under the statute, detention is the default setting, but it can be avoided if the court finds the enumerated conditions that warrant an exception to the norm. The First Circuit has made clear that the Bail Reform Act of 1984 creates:

no presumption in favor of release pending appeal; on the contrary, even when the conviction does not involve a crime of violence or drug offense, detention (following conviction and sentencing) is mandatory unless the judicial officer finds inter alia "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in" a reversal, new trial, or reduced term of imprisonment that would expire during the expected duration of the appeal process.

United States v. Colon–Munoz, 292 F.3d 18, 20 (1st Cir. 2002) (quoting 18 U.S.C. § 3143(b)(1)). A defendant seeking the benefit of the exception has the burden of establishing the factual predicate for the exception. See Morison v. United States, 486 U.S. 1306, 1306–07 (1988); see also Fed.R.Crim.P. 46(c).

The defendant fails to carry his burden of showing that he meets the criteria of §3143(b)(1)(B)—that his appeal presents a substantial issue which, if decided favorably to him, would likely result in a favorable adjustment of his sentence. See United States v. Bayko, 774 F.2d 516, 522–23 (1st Cir. 1985). *Bayko* requires a finding that the appeal presents a close question or one that very well could be decided the other way." United States v. Bowers, 2021

WL 1239809, at *2 (D. Me. Apr. 2, 2021) (internal quotation marks omitted) (citing <u>Bayko</u>, 774 F.2d at 523). The determination of whether a question is "close" or not is to be made on a case-by-case basis. <u>Bayko</u>, 774 F.2d at 523.

The defendant fails to provide any basis to support the contention that either of the issues identified by defendant presents a close question of law or fact. Defendant merely asserts these issues were vigorously contested and involved a "significant volume of evidence" (Mot. P. 2). This bare allegation is insufficient for the defendant to meet his burden that the appeal presents a close question of law or fact. Defendant's motion is replete with any analysis on how either of these issues presents a substantial question of law and/or fact.

A review of the defendant's sentencing brief submitted on the issue of the role enhancement (ECF # 306) reveals that Defendant did not raise any novel argument on the law applicable to the application of this enhancement. First Circuit law on the applicability of role enhancement is well established and defendant offers no argument in his present motion that this Court misapplied that clear legal precedent. Accordingly, defendant fails to carry his burden showing there is a legal question relating to the role in the offense enhancement.

Defendant also fails to analyze how there is any substantial factual issue relating to the application of this enhancement. Defendant maintains that there was a "significant volume of evidence" submitted on this issue. Assuming arguendo that the evidence was voluminous on this issue[1], the defendant fails to demonstrate as to why the quantity of evidence on this issue raises a close question on appeal. The evidence was overwhelming that this defendant initiated the offense, was involved in many aspects of the fraud scheme throughout the entire conspiracy,

---

[1] The Government agrees the evidence submitted on the issue of loss was quite voluminous, but the Government disputes the evidence on this enhancement was voluminous. The Government also fails to see a correlation between the volume of the evidence and whether there is a close factual question.

received the most proceeds of any participant, and directed more than one other participant (Garat Osman and Danielle Defosse-Strout). Other than claiming the evidence was "voluminous", defendant fails to specify why this Court's factual determination of the applicability of the role enhancement presents a "close question."

The analysis of the loss issue is similar. Defendant fails to address how the Court's legal analysis presents a close question. This Court applied established First Circuit precedent in determining the amount of loss. Defendant's motion fails to identify the legal standard the defendant claims the Court should have applied, or specifies how the Court's legal analysis is open to challenge on appeal; accordingly, the defendant has failed to carry his burden that there is a legal issue on the amount of loss that is a close question.

The Guideline applicable to determining loss (U.S.S.G. § 2B1.1 cmt. 3(C)), states that "[t]he court need only make a reasonable estimate of the loss." The guidelines emphasize the deference that must be shown to the sentencing judge, who is in a unique position to assess the applicable loss, so a reviewing court need only determine whether the district court made a reasonable estimate of the loss. United States v. Hebron, 684 F.3d 554, 560 (5th Cir. 2012).

This Court followed established First Circuit precedent in determining the amount of loss applicable to this defendant. In United States v. Alphas, 785 F.3d 775, 784 (1st Cir. 2015), the First Circuit found:

> [T]he government bears the burden of proving the applicability of a sentencing enhancement by preponderant evidence. But in a case…where a defendant's claims were demonstrably rife with fraud—a sentencing court may use the face value of the claims as a starting point in computing loss. The burden of production will then shift to the defendant, who must offer evidence to show (if possible) what amounts represent legitimate claims. After the record is fully formed, the sentencing court must determine the amount of loss that the

4

government (which retains the burden of proof) is able to establish. The court, however, "need only make a reasonable estimate of the loss." Depending on the defendant's offer of proof, the court might well conclude that the amount of loss is equal to the face value of the submitted claims. (citations omitted).

In United States v. Arif, 897 F. 3d 1, 11 (1st Cir. 2018), the defendant claimed the district court erred in using the defendant's total revenues as the amount of loss. The First Circuit applied the standard set forth in U.S. v. Alphas, and stated that the district court may use the face value of the claims as a starting point in computing loss when the claims are demonstrably rife with fraud. The burden of production then shifts to the defendant. United States v. Arif, 897 at 11 (*citing* United States v. Alphas, 785 F.3d at 784). In *Arif*, the district court found that the defendant had presented insufficient evidence to show any portion of the revenue was infected with the fraud. The First Circuit found there was no clear error in the district court's finding and rejected the defendant's challenge to the loss determination.

This will be the same outcome in this case. The fact that the evidence was voluminous does not mean the loss determination was a close call. In the face of the fraudulent billings, and the other evidence showing the breadth of the fraud, Defendant failed to produce sufficient evidence (such as even one claimant showing the services were legitimate) to show any portion of the claims paid were legitimate services for which MaineCare would have paid. In the present motion, Defendant utterly fails to specify any error in any factual finding the Court made on this issue.

U.S. v. Arif is also instructive to the present motion because in that case, the district court had varied downward significantly from the applicable Guideline range. The district court imposed a sentence of 72 months which was a substantial departure from the recommended guideline range of 134 to 168 months. In rejecting the defendant's challenge to the district court's loss determination, the First Circuit noted that "even if the loss calculation was in error,

5

there would have been no reasonable probability of prejudice" because the district court had departed substantially from the guideline range.

This same dynamic is present in this case. Here, this Court applied the Section 3553 factors and varied significantly from the applicable Guideline range of 57-71 months when it imposed a 24 month sentence. Thus, even if the loss calculation was erroneous, no reasonable probability of prejudice exists. This Court would still impose the 24 month sentence based upon the Section 3553 factors relied upon by this Court.

The absence of any reasonable probability of prejudice is further underscored because even if the appellate court in this case determines this Court committed clear error in the loss determination, the impact on the Guidelines would not be substantial. In his brief on loss calculation, defendant maintained that the loss figure was $558,390.40 (ECF # 249). If the Court had accepted this position, the Guideline range would have been lowered only by 4 levels (2 levels less for amount of loss and the 2 level enhancement under § 2B1.1(b)(7) would no longer be applicable because loss was less than $1 million dollars). Even with this lower loss amount advocated by the defense, the Guideline range would have been 37-46, and the sentence imposed was still a significant variance from the Guideline range.

The present motion's focus on Guideline issues ignores the fact that the sentence imposed in this case clearly was based upon factors independent of the Guidelines. In his motion, defendant does not make any claim that this Court wrongfully applied any of the Section 3553 factors. Accordingly, any error in any Guideline calculations failed to prejudice the defendant in the sentence imposed.

## <u>CONCLUSION</u>

For all the reasons set forth above, the government respectfully submits that the

defendant's Motion for Bail Pending Appeal should be denied.

Dated in Portland, Maine this 20th day of August, 2021.

Respectfully submitted,

DONALD E. CLARK
Acting United States Attorney

<u>/s/ Daniel J. Perry</u>
Daniel J. Perry
Assistant U. S. Attorney
100 Middle Street
Portland, Maine 04101
(207) 780-3257

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2021, I filed the **GOVERNMENT'S OPPOSITION TO MOTION FOR BAIL PENDING APPEAL** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

DONALD E. CLARK
Acting United States Attorney


/s/ Daniel J. Perry
Daniel J. Perry
Assistant U. S. Attorney
100 Middle Street
Portland, Maine 04101
(207) 780-3257

UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

UNITED STATES OF AMERICA,    )
                             )
v.                           )        Crim. Number
                             )        18-62-JDL
ABDIRASHID AHMED.            )

## DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO MOTION FOR BAIL PENDING APPEAL

COMES NOW the Defendant, by and through counsel, and for his Reply to Government's Response to Motion for Release Pending Appeal, states as follows:

The law is that the Court considering bail pending appeal must apply a two-prong standard. First, the Court must consider whether the appeal involves close questions of law or fact, that could very well be decided by the Court of Appeals "the other way." The Court is not required to conclude that it is likely to be reversed by the Court of Appeals. Rather, it is sufficient to find that there is a substantial question of fact or law and that the issue presented on appeal is a close one. The "possibility" of reversal is not sufficient. *United States v. Bayko,* 774 F.2d 516, 522-23. The appellant does not need to show that it would "probably" win. *Id.* at 521-22.

1

Second, the Court must consider whether the claimed error is harmless or unprejudicial. In other words, in the context of a sentencing, would the sentence be lower if the appellant prevails on appeal.

In its response, the government claims that Mr. Ahmed has made no showing that his appeal involves a substantial question of law or fact. The Court need only look to the extensive written arguments submitted by both sides, particularly on the issue of loss amount, during the lead up to sentencing, to know that the appeal does in fact involve, at least with respect to role increase, substantial questions of fact, and with respect to loss amount, a substantial question of fact and law.[1]

First, the issue of role increase involves a close question of fact. From the defense standpoint, the only participant that the evidence shows was possibly supervised or recruited by Mr. Ahmed, was Mr. Osman. There is testimonial evidence from Defosse-Strout, Harrington, and Beauschaine, that they were not commanded by Mr. Ahmed nor did he make them commit fraud. Moreover, the record is devoid of evidence that Mr. Ahmed was the mastermind of the overbilling fraud or that he invented the overbilling scheme of that he instituted the overbilling scheme. In fact, the evidence is that Nancy Ludwig, Jared Lemieux and

---

[1] For purposes of this motion, instead of repeating all of the arguments made during the sentencing hearings, Mr. Ahmed asks the Court to refer to the arguments set forth in ECF 249, 250, 251, 252, 253, 255, 256, 258, 278, 306, 325, 333, 341, 348, and 371, on Role Increase, and Loss Amount.

Paul Grazia were the individuals, at least at Facing Change, who instituted the scheme to overbill MaineCare. Jared Lemieux even had a nickname for the overbilling scheme. It was called the "MaineCare 5th." With respect to the false diagnoses of patients, the evidence is that Nancy Ludwig undertook that part of the scheme and may have enlisted Mr. Ahmed to assist her. This does not make Mr. Ahmed a leader or organizer, or even a supervisor/manager with respect to that part of the fraud. Certainly, the Court of Appeals could consider the evidence, referred to herein, and applying the factors set forth in the application notes to U.S.S.G. 3B1.1, decide the issue the other way.

Moreover, the government appears to argue in its response, at least with respect to the role increase, that because the arguments, as set forth in his sentencing memorandum, that Mr. Ahmed intends to raise on appeal are not "novel," they do not raise substantial factual or legal issues. This is the very notion that the Court rejected in *Bayko*. *Bayko* at 523. There the Court followed the 11th Circuit in rejecting this standard.

With respect to loss amount, the Court found the loss amount to be higher than the amount specified in the initial draft of the Pre-Sentence Report and the Revised Pre-Sentence Report. The Court applied case law that effectively shifted the burden, at least of production, to the defense, on the issue of whether the defendant was entitled to any credit against loss for time actually worked. Mr.

3

Ahmed's burden became that he was required to show that the patients involved in this case actually needed mental health counseling and that the counseling that they received was of a kind that MaineCare would pay for. Despite the seeming impossibility of the burden that was imposed on Mr. Ahmed, in the context of this case, the defense actually *did* present evidence that many of the patients involved in this case received mental health treatment from other providers both before and after this conspiracy and that MaineCare paid for the treatment. At one point during a hearing on loss, the Court even inquired of the government as to why the production of MaineCare data that showed other providers had provided counseling services to many of the same patients involved in this case, was not sufficient to meet the defense burden on this issue. The Court also ruled against the defense argument that it was not foreseeable to Mr. Ahmed that the counselors would also overbill for counseling services. These are substantial legal and factual issues that may very well be decided the other way by the Court of Appeals.

The second prong is that the claimed errors are not harmless or non-prejudicial. This means that if the appeal is decided in Mr. Ahmed's favor, a lower sentence would occur. The government argues that even if the Court of Appeals agrees with the defense that the loss amount was as argued by the defense during sentencing, $558,390.14, the result would not be different because the guideline range would be 37 to 46 months. First, the defense argued that Mr. Ahmed should

4

not be held responsible for the overbilling of the providers. If the defense is right about this issue, the loss amount, with offsets, is $436,195.00. Also, the government fails to consider the other issue on appeal-the role increase. In this case, if the Court of Appeals agrees with the defense arguments on loss amount, including the forseeabilty argument, and role increase, the guideline application will be as follows:

> Base Offense Level 6, plus 12 levels for loss amount between $250,000 and $550,000.00. Three levels would be subtracted for acceptance of responsibility, resulting in a Total Offense Level of 15. At a Criminal History Category I, the sentencing range would be 18 to 24 months.

At sentencing, the Court determined that a downward variance from the low end of the guideline range was appropriate due to Mr. Ahmed's family circumstances as well as other factors involving his unfortunate background, which the Court indicated may have played a role in the offense. Therefore, if the range is 18 to 24 months[2], and the court continued to believe that a downward variance is warranted, Mr. Ahmed's sentence will be less than 24 months. Thus, the claimed errors are not harmless.

---

[2] Mr. Osman's range was 18-24 months and he received a time served sentence.

5

CONCLUSION

For the reasons set forth above, Mr. Ahmed requests that the Court allow

him to remain free pending the conclusion of his appeal.

Dated at Portland, Maine this 27th day of August, 2021.

/s/Peter E. Rodway, Esq.
peter@rodwaylaw.com
P.O. Box 444
Portland, Maine 04112
207-773-8449

6

DISTRICT OF MAINE

I hereby certify that on August 27, 2021, I electronically filed Reply to Government R4esponse to Motion for Bail Pending Appeal with the Clerk of Court using the CM/ECF system which will send notification of such filing to Assistant United States Attorney Daniel Perry, and I hereby certify that on August 27, 2021, I e-mailed the document to the following non-registered participant: Mr. Abdirashid Ahmed.

/s/Peter E. Rodway
peter@rodwaylaw.com
Rodway & Horodyski
P.O. Box 444
Portland, Maine 04112
(207)773-8449

7

## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | 2:18-cr-00062-JDL-1 |
| | ) | |
| ABDIRASHID AHMED, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER ON DEFENDANT'S MOTION FOR BAIL PENDING APPEAL

On May 24, 2019, Abdirashid Ahmed pleaded guilty to Conspiracy to Commit Health Care Fraud (ECF No. 159), on July 16, 2021, he was sentenced to a term of 24 months imprisonment (ECF No. 387), and on July 29, 2021, he filed a Notice of Appeal (ECF No. 398). On July 30, 2021, Ahmed filed a Motion for Bail Pending Appeal (ECF No. 401) and the Government has filed a Response in Opposition (ECF No. 403). For the reasons that follow, the motion is denied.

## I. BACKGROUND

At sentencing, I determined that the loss calculation attributable to Ahmed was $1,863,264.85 and that he occupied a leadership role in the conspiracy. Under the applicable Guideline analysis, I determined that Ahmed had a final offense level of 25 with a criminal history category of I. This resulted in an advisory Guideline range of 57-71 months imprisonment. After applying the factors enumerated in 18 U.S.C.A. § 3553 (West 2021), I varied down below the Guideline range and imposed a sentence of 24 months imprisonment. I ordered Ahmed to self-report to the Federal Bureau of Prisons on October 20, 2021 (ECF No. 387).

1

## II.  MOTION FOR BAIL PENDING APPEAL

Ahmed seeks to remain on bail pending his appeal.  He contends that, on appeal, he will raise a substantial question of law and fact that is likely to result in a reduced term of imprisonment which would be less than the total of the time he would have already served plus the expected duration of the appeal process.  Ahmed intends to raise the issues of the loss calculation amount attributed to him and the application of the role enhancement.

## III.  LEGAL STANDARD

Motions for bail pending appeal are governed by 18 U.S.C.A. § 3143(b) (West 2021).  Section 3143(b) mandates that a person found guilty and sentenced to a term of imprisonment be detained pending appeal unless the court makes specific findings supporting release.  First, the defendant must demonstrate "by clear and convincing evidence that the [defendant] is not likely to flee or pose a danger to the safety of any other person or the community if released."  18 U.S.C.A. § 3143(b)(A).  Second, the defendant must show "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in": "reversal"; "an order for a new trial"; "a sentence that does not include a term of imprisonment"; or "a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."  18 U.S.C.A. § 3143(b)(B); *see also Morison v. United States*, 486 U.S. 1306, 1306 (1988); Fed. R. Crim. P. 46(c).  A substantial question of law or fact exists when the issue appealed is "a 'close' question or one that very well could be decided the other way."  *United States v. Bayko*, 774 F.2d 516, 523 (1st Cir. 1985) (quoting *United States v. Giancola*, 754 F.2d 898, 901

2

(11th Cir. 1985)).  This standard is rigorous, and the determination is made on a case-by-case basis.  *Id.*

## IV.  DISCUSSION

The Government does not dispute that Ahmed can satisfy the first required finding regarding flight risk and danger.  The parties' disagreement centers on the second required finding: whether the appeal will raise a substantial question of law or fact that is likely to result in reversal; an order for new trial; a sentence that does not include a term of imprisonment; or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.  Ahmed argues that, because the issues of the loss amount and his alleged leadership role were vigorously contested and voluminous evidence associated with both issues was offered at the sentencing, each of these issues presents substantial questions of law and fact.  I consider each issue in turn.

Regarding the loss amount calculation, a "court need only make a reasonable estimate of the loss."  U.S.S.G. § 2B1.1 cmt. 3(C).  A sentencing judge is "in a unique position to assess the evidence and estimate the loss based upon that evidence" and "is entitled to appropriate deference."  *Id.*  Where the claims are "demonstrably rife with fraud," the sentencing court "may use the face value of the claims as a starting point."  *United States v. Alphas*, 785 F.3d 775, 784 (1st Cir. 2015).

Here, the evidence demonstrated that the MaineCare claims at issue were demonstrably rife with fraud.  Ahmed did not produce persuasive evidence that any of the MaineCare claims resulting in the total loss amount were for legitimate, reimbursable services.  Thus, no substantial question of fact exists regarding the total

3

loss amount found at sentencing. Similarly, there is no substantial question of law on this issue. Ahmed does not argue that the Court failed to apply the correct legal standard, nor has he identified an alternative legal standard that should have been applied. I conclude that no substantial question of fact or law exists as to the Court's determination of the total loss amount.

The same is true regarding the role enhancement that was based on the Court's factual findings regarding Ahmed's leadership role in the conspiracy. *See United States v. Cortés-Caban*, 691 F.3d 1, 28 (1st Cir. 2012) (confirming the applicability of the role enhancement when the defendant is shown to "exercise[] authority or control over another participant on one occasion" (quoting *United States v. Flores-de-Jesús*, 569 F.3d 8, 34 (1st Cir. 2009))). Beyond claiming that the evidence was voluminous, Ahmed has not offered a cogent explanation as to why the evidence presented a close question of fact. For the reasons stated on the record at the sentencing hearing, the evidence clearly demonstrated Ahmed's leadership role in the conspiracy, which supported the application of the role enhancement. In addition, he has not suggested that the Court failed to apply First Circuit precedent regarding the application of the role enhancement. Accordingly, Ahmed has not carried his burden to show there is a close question of law or fact on this issue.

## V. CONCLUSION

For the foregoing reasons, the Defendant's Motion for Bail Pending Appeal (ECF No. 401) is **DENIED**.

SO ORDERED.

Dated this 22nd day of September, 2021

_____ /s/ JON D. LEVY _____
CHIEF U.S. DISTRICT JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

USA                                                  )
                                                     )
v.                                                   )    CRIM. CASE NO.  2:18-cr-00062-JDL-1
                                                     )    USCA NO.  21-1583
ABDIRASHID AHMED                                     )

## **CLERK'S 1ST SUPPLEMENTAL CERTIFICATE**

I, Christa K. Berry, Clerk of the United States District Court for the District of

Maine, hereby certify that the following supplemental documents are hereby

electronically transmitted, along with a copy of the docket entries to the First Circuit

Court of Appeals:

| Documents Numbered: | 401 | Description: | Motion |
|---|---|---|---|
| | 403 | | Response |
| | 404 | | Reply |
| | 408 | | Order |

I hereby certify that the record and docket sheet available through ECF to be the

certified record and docket entries, and that all non-electronic documents of record have

been forwarded this date with a copy of this Certificate.

Non-Electronic Documents:

Dated *September 22, 2021.*

CHRISTA K. BERRY, Clerk

By:   /s/ Robert Allen_____
Case Manager